**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HILARY MAHAR,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON UNIVERSITY, SIOBHAN O'MAHONY, and JONATHAN WHITE,<br><br>Defendants. | Civil Action No. 1:26-cv-11900-MJJ |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE LATE OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiff Hilary Mahar ("Plaintiff"), pursuant to Fed. R. Civ. P. 6(b)(1)(B) and Local Rule 7.1, respectfully moves for leave to file her Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss after the time for doing so has expired, and requests that the Court accept the Opposition, attached hereto as Exhibit A, as filed. In support of this Motion, Plaintiff states as follows:

## BACKGROUND

1. On October 9, 2026, Defendants Trustees of Boston University, Siobhan O'Mahony, and Jonathan White (collectively, "Defendants") filed a Partial Motion to Dismiss Plaintiff's Amended Complaint and a supporting memorandum. *See* ECF No. 11. Defendants seek dismissal with prejudice of Counts I, II, III, IV, X, XI, XII, XIII, and XIV in their entirety, and of Counts V and VI as against O'Mahony and White, and in the alternative request a more definite statement as to Count XII.

2. Under Local Rule 7.1(b)(2), Plaintiff's opposition was due within fourteen days after service of the motion, on or about October 23, 2026.

3. Plaintiff's counsel inadvertently misdocketed the response deadline. That error was compounded by counsel's conflicting filing deadlines in other matters during the same perio, including preparation for a two-week jury trial, and by the breadth of Defendants' motion, which challenges eleven of Plaintiff's counts under multiple bodies of federal and Massachusetts law, including Chapter 151B, Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Massachusetts Equal Rights Act, Massachusetts common law, and the Copyright Act.

4. Upon recognizing the error, counsel promptly completed the Opposition, which is submitted with this Motion as Exhibit A, approximately two weeks after the original deadline.

## ARGUMENT

Where a deadline has passed, the Court may, for good cause, extend the time to act "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The First Circuit applies the *Pioneer* factors to motions under Rule 6(b)(1)(B), giving particular weight to the reason for the delay while considering all of the circumstances. *See Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 38–39 (1st Cir. 2013). Each factor supports granting leave here.

*First*, Defendants will suffer no cognizable prejudice. The Opposition addresses only the legal sufficiency of the Amended Complaint, and accepting it will not deprive Defendants of any

argument or require them to alter any position. Plaintiff does not object to Defendants having a reasonable opportunity to seek leave to file a reply under Local Rule 7.1(b)(3).

*Second*, the delay is brief and will have no meaningful impact on these proceedings. The Opposition is submitted approximately two weeks after the deadline, while the case remains at the pleading stage.

*Third*, counsel candidly acknowledges that the delay resulted from counsel's own docketing error, compounded by competing deadlines and the scope of the motion. The error was counsel's alone, not Plaintiff's. Although an attorney's inadvertence is not automatically excusable, it is weighed together with the remaining *Pioneer* factors, all of which favor relief. Moreover, Defendants ask the Court to dismiss most of Plaintiff's claims with prejudice. Denying leave would risk resolving those claims, permanently, without the benefit of adversarial briefing, solely because of a short, inadvertent delay by counsel.

*Fourth*, Plaintiff and her counsel have acted in good faith throughout. The delay was not tactical, and Plaintiff has gained no advantage from it. Counsel moved promptly to cure the error and submits the completed Opposition together with this Motion.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court (1) grant her leave to file her Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss after the deadline; (2) accept the Opposition, attached hereto as Exhibit A, as filed as of the date of this Motion; and (3) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

HILARY MAHAR,

By her attorney,

FARRELL LAW GROUP PLLC

/s/ Peter S. Farrell
Peter S. Farrell (BBO No. 656512)
46 Railroad Avenue
Duxbury, MA 02332
Telephone: (781) 934-3934
pfarrell@farrelllg.com

Dated: November 9, 2026

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Peter S. Farrell, counsel for Plaintiff, hereby certify that on November 6, 2026, I conferred with counsel for Defendants, Alexandra Arnold, Esq., in a good-faith attempt to resolve or narrow the issues presented by this Motion, and that Defendants take no position on the relief requested.

/s/ Peter S. Farrell
Peter S. Farrell

**CERTIFICATE OF SERVICE**

I, Peter S. Farrell, counsel for Plaintiff Hilary Mahar, hereby certify that on November 9 2026, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.2(a) of the Local Rules of the United States District Court for the District of Massachusetts, I served a true and accurate copy of the foregoing together with its Exhibit A, upon the following counsel of record for Defendants:

Victoria L. Steinberg, Esq.
Alexandra Arnold, Esq.
Cloherty & Steinberg LLP
One Financial Center, Suite 1120
Boston, MA 02111
vsteinberg@clohertysteinberg.com
aarnold@clohertysteinberg.com

/s/ Peter S. Farrell
Peter S. Farrell