**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HILARY MAHAR,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON UNIVERSITY, SIOBHAN O'MAHONY, and JONATHAN WHITE,<br><br>Defendants. | Civil Action No. 1:26-cv-11900-MJJ |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Trustees of Boston University ("BU"), Siobhan O'Mahony, and Jonathan White respectfully submit this reply in support of their Partial Motion to Dismiss.

## I. Counts I-IV must be dismissed where no adverse employment action is alleged.

Mahar's claims under Mass. Gen. Laws ch. 151B must be dismissed because she challenges academic decisions, not employment practices. Mahar's Opposition ("Opp.") cites allegations that she was a BU employee, but the relevant issue is whether the challenged conduct concerned that employment; she admits that it did not. Rather, she alleges that BU approved "academic adjustments" to her doctoral program; that the qualifying examination was administered without them; and that she failed and was dismissed from the program. ECF No. 4, ¶¶ 32–33; 44, 57-58.[1] Indeed, Mahar identifies no challenged employment action *of any kind*. Her argument that these Counts should survive because discovery may show her dismissal "caused lost wages, benefits, earning capacity, and professional opportunities," Opp. at 3, inverts the burden. Lost wages and earning capacity are not adverse employment actions, they are alleged *damages* flowing from her *academic* dismissal. *See* ECF No. 4, ¶ 180(d); *Doe No. 99 v. Cheffi,* 105 Mass. App. Ct. 704, 707 (2025). Mahar does not state a claim under ch. 151B; Counts I-IV must be dismissed.

## II. Count V must be dismissed as against O'Mahony and White where Mahar does not allege that either of them "operates" BU.

Title III imposes liability on an individual only if that person "owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Here, the relevant place of public accommodation is BU, ECF No. 4, ¶ 110, so O'Mahony or White can be liable under Title

---

[1] She further alleges that she was "qualified to participate in [the] doctoral program," *id.* ¶ 79; requesting those academic accommodations was the protected activity, *id.* ¶ 89; and that the right with which BU allegedly interfered was "equal access to educational opportunities," *id.* ¶ 104.

III only if they own, lease, or operate BU. Mahar does not contend that they do. Instead, Mahar recasts the inquiry as whether the individuals exercised "operational control over the accommodation process," Opp. at 5. That is not the statutory test. Section 12182(a) asks who operates the public accommodation, not who was involved in challenged decisions; were it otherwise, all employees involved in an accommodation request would be Title III defendants.[2]

## III. <u>Count VI must be dismissed as against O'Mahony and White where neither is a recipient of federal financial assistance.</u>

Mahar does not dispute that § 504 of the Rehabilitation Act reaches only recipients of federal financial assistance, 29 U.S.C. § 794(a), and she does not claim that either individual receives federal funds. Instead, she asks to amend to "clarify the capacity in which the individuals are named." Opp. at 5-6. But such "clarification" would make no difference. Even if she did allege that they receive federal funds, courts in this district dismiss claims against individual employees in this context as redundant of the same claims against the employer, *see, e.g.*, *Sosa v. Mass. Dep't of Corr.*, No. 18-cv-12223-NMG, 2019 WL 3557701, at *3 (D. Mass. Aug. 2, 2019) (dismissing official-capacity ADA claims against individual employees as "wholly redundant" of claim against the entity). Count VI must therefore be dismissed with prejudice.

## IV. <u>Count X must be dismissed where G. L. c. 93, § 102 does not reach disability.</u>

Mahar does not, and cannot, dispute that § 102 of the Massachusetts Equal Rights Act addresses discrimination on the basis of "sex, race, color, creed or national origin" and says

---

[2] Even under Mahar's invented test, her allegations foreclose the claim. She alleges O'Mahony merely "communicated opposition to DAS," ECF No. 4, ¶ 38; White acted "without proper authority," *id.* ¶ 99; and her accommodations were overridden by "unauthorized individuals," *id.* acting "without appropriate authority," *id.* ¶¶ 173 (c); 66. Having sworn that the defendants lacked authority, she cannot now allege that they exercised the authority of the institution itself. For this reason, leave to "plead [the individuals'] operational authority with further specificity," Opp. at 5, would not cure the defect because any statement that the individuals operate BU would contradict allegations she has verified under penalty of perjury.

nothing of disability. Opp. at 10. Even so, she asks for leave to "conform the pleaded conduct to the legally applicable theory." *Id.* Conspicuously, however, she identifies no such theory. Count X fails as pleaded, and the Court should dismiss the claim with prejudice.

## V. **Count XI must be dismissed where Mahar identifies no cognizable duty and, alternatively, where the claim is barred by G. L. c. 152, § 24.**

Count XI, alleging negligence, fares no better. The duty the Opposition now describes, arising from BU "undertaking" to evaluate and implement accommodations, Opp. at 6, is not the duty Mahar pleaded. The Amended Complaint grounds the duty in Defendants' "roles as faculty, administrators, and institutional decision-makers responsible for safeguarding the well-being of students." ECF No. 4, ¶ 169. A complaint cannot be amended by brief. Under either articulation, however, the claim fails because no Massachusetts case recognizes a duty to administer academic accommodations or examinations non-negligently.[3]

Mahar also does not dispute that, if the conduct she challenges arose out of her employment, Mass. Gen. Laws ch. 152, § 24 bars a common-law claim for emotional distress. *See Green v. Wyman-Gordon Co.*, 422 Mass. 551, 558 (1996). She calls the argument "premature" because her student and employee relationships purportedly "overlap," Opp. at 7. But that is the point: if she is challenging academic conduct, no duty exists; if the conduct were employment-related (and it is not), the claim is barred. Amendment would not avert dismissal.

[3] Indeed, Mahar's cited authorities cut the other way. *Conley* affirmed dismissal of a negligent infliction claim because no cognizable duty existed, *Conley v. Romeri*, 60 Mass. App. Ct. 799, 801 (2004); *Nguyen* found no duty on the facts before it and delineated a university's circumscribed duties in connection with suicide prevention, *Nguyen v. Massachusetts Inst. of Tech.*, 479 Mass. 436, 451 (2018); and *Mullins* concerned the limited duty to protect resident students from the criminal acts of third parties, *Mullins v. Pine Manor Coll.*, 389 Mass. 47, 50, (1983).

## VI. **<u>Count XII must be dismissed where Mahar still identifies no false statement, no speaker, and no basis for scienter.</u>**

Mahar's Opposition does not cure any of the defects in her fraud claim. For one, she identifies no specific statement on which her claims are based, as required by Fed. R. Civ. P. 9(b). *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 290 (1st Cir. 1987), on which Mahar relies, does not help. That case concerns a RICO-specific context where predicate communications are peculiarly within *defendants'* knowledge. *Ahmed v. Rosenblatt*, 118 F.3d 886, 889-90 (1st Cir. 1997). Statements made *to Mahar* are within *her own knowledge*. BU's internal deliberations, ECF No. 4, ¶ 42, may bear on scienter, but cannot supply a representation to Mahar. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Her negligent misrepresentation theory fails for the same reason: multiple pleadings and an opposition have not identified a single statement to Mahar. This count should be dismissed with prejudice.

## VII. **<u>Count XIII must be dismissed where Mahar abandons her infringement claim and the § 1202 theory she substitutes is neither pleaded nor viable</u>**

Mahar does not contest that 17 U.S.C. § 106 confers no right of attribution, that a co-owner cannot infringe a jointly owned copyright, or that she has not registered the work; she says only that those arguments pertain to "conventional infringement." Opp. at 9. They do, and Count XIII, captioned "Copyright Infringement," is just such a claim—which Mahar has abandoned. Moreover, Mahar's substitute § 1202 theory is futile. Both § 1202(a) and § 1202(b) require that the defendant know or intend that the conduct will "induce, enable, facilitate, or conceal an infringement." *See Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 171 (2d Cir. 2020) (describing § 1202(b)'s "double-scienter" requirement). A co-owner's publication of a joint work is not an infringement. 17 U.S.C. § 201(a); *Greene*, 794 F.3d at 151. Indeed, Mahar pleads a *different*

motive: that her name was omitted in retaliation for complaints about unlawful discrimination, ECF No. 4, ¶¶ 226–28. This motive is not actionable as copyright infringement.

## VIII. Count XIV must be dismissed where Mahar identifies no prospective employment relationship.

Mahar concedes that the Amended Complaint does not identify any prospective employer or relationship "with sufficient specificity," Opp. at 10. She asks for leave to "identify the prospective relationships," *id.*, but names none. If Mahar is aware of a prospective employer who did not hire her because she was not named, she could have pled as much in her Charge, Complaint, or Amended Complaint. The count should be dismissed with prejudice.

## IX. Mahar's request for leave to amend should be denied.

Mahar asks to amend in the alternative on six counts and then, in conclusion, on every count the Court finds deficient. But she files no motion, attaches no proposed pleading, and does not describe any fact that a *second* amendment would add. A contingent request made in an opposition "does not constitute a motion to amend." *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 327 (1st Cir. 2008). Nor is this Mahar's first, or even second, opportunity to cure her pleading defects. Defendants identified the ch. 151B defect in their January 2026 MCAD motion to dismiss; Mahar did not respond and her Complaint and Amended Complaint did not cure it. The Court should not reward plaintiff's approach of defending deficient pleadings and asking to replead only if she loses. *Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 60-61 (1st Cir. 2018).

In any event, amendment would be futile. As described, above, the defects in Counts I–IV, V, VI, XI, and XIII are a matter of law; no new facts would save them. The defects in Counts XII and XIV are missing facts uniquely within Mahar's own knowledge, and multiple pleadings and an opposition has not asserted any. As to Count X, she abandons her theory and names no valid substitute. As to all counts at issue in the Motion, dismissal with prejudice is warranted.

Respectfully submitted,

BOSTON UNIVERSITY, SIOBHAN O'MAHONY, and JONATHAN WHITE,

By their attorneys,

*<u>/s/ Alexandra Arnold</u>*
Alexandra Arnold (BBO #706208)
aarnold@clohertysteinberg.com
Victoria L. Steinberg (BBO #666482)
vsteinberg@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
617-481-0160

Dated: November 16, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served electronically upon all counsel of record filing through the ECF system on November 16, 2026.

*/s/ Alexandra Arnold*
Alexandra Arnold